IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINAH DORSEY,<br><br>    Petitioner,<br><br>  vs.<br><br>WARDEN W. MILLER,<br><br>    Respondent. | No. C 11-5798 RMW (PR)<br><br>ORDER GRANTING<br>RESPONDENT'S MOTION TO<br>DISMISS; DENYING CERTIFICATE<br>OF APPEALABILITY<br><br>(Docket No. 12) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction and sentence imposed by the Superior Court of Alameda County. The court issued an order to show cause. In lieu of an answer, respondent has filed a motion to dismiss the petition as untimely and procedurally defaulted. Petitioner has filed an opposition, and respondent has filed a reply. For the reasons stated below, the court GRANTS respondent's motion to dismiss the petition as untimely.

**I.    BACKGROUND**

On June 5, 2008, petitioner pleaded no contest to second degree murder. (Opp. at 1.) On December 19, 2008, she was sentenced to a term of 15 years to life in state prison. (Pet. at 2.) Petitioner did not appeal. (Id. at 3.)

On June 21, 2010, petitioner filed a state habeas petition in superior court. (Mot., Ex. 1.) On August 18, 2010, the superior court denied it as untimely and on the merits. (Id., Ex. 2.) On

1  October 14, 2010, the California Court of Appeal denied petitioner's state habeas petition. (<u>Id.</u>,
2  Ex. 3.)
3       On December 20, 2010, petitioner filed another state habeas petition in superior court.
4  (<u>Id.</u>, Ex. 4.) On February 16, 2011, the superior court denied it as untimely, successive, and on
5  the merits. (<u>Id.</u>, Ex. 5.) On April 7, 2011, the California Court of Appeal denied petitioner's
6  state habeas petition. (<u>Id.</u>, Ex. 6.) On September 21, 2011, the California Supreme Court denied
7  petitioner's state habeas petition. (<u>Id.</u>, Ex. 7.)
8       On November 18, 2011, petitioner filed another state habeas petition in California
9  Supreme Court, which denied it on March 21, 2012. (<u>Id.</u>, Ex. 8.)
10      On December 1, 2011, petitioner filed the underlying federal petition. In the petition,
11 petitioner claims that counsel was ineffective for: (1) failing to object to inaccurate statements in
12 her probation report, (2) failing to provide her with a copy of her probation report, and (3) failing
13 to adequately investigate defenses.

14 **II.    DISCUSSION**

15      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on
16 April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of
17 habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state
18 convictions or sentences must be filed within one year of the latest of the date on which: (1) the
19 judgment became final after the conclusion of direct review or the time passed for seeking direct
20 review; (2) an impediment to filing an application created by unconstitutional state action was
21 removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was
22 recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and
23 made retroactive to cases on collateral review; or (4) the factual predicate of the claim could
24 have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time
25 during which a properly filed application for state post-conviction or other collateral review is
26 pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).
27      The one-year period generally will run from "the date on which the judgment became
28 final by conclusion of direct review or the expiration of the time for seeking such review." 28

U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012). Here, petitioner's conviction became final on February 17, 2009 – 60 days after her sentencing on December 19, 2008. See Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a). Thus, petitioner had until February 17, 2010 to file her federal habeas petition. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's federal petition, filed on December 1, 2011, therefore, is untimely unless she is entitled to statutory or equitable tolling.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, there is no basis for statutory tolling because petitioner's first state habeas petition was not filed until June 21, 2010, approximately four months after the limitations period had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Accordingly, petitioner's first state petition did not toll the statute of limitations. Moreover, petitioner's remaining state habeas petitions were all filed after the limitations period had already expired, and thus, could not have extended the limitations deadline. See id.

Petitioner appears to argue that the statute did not commence until the time she was aware of the "newly discovered evidence," or factual predicate of her claims. See 28 U.S.C. § 2244(d)(1)(D). (Opp. at 6.) Presumably, the newly discovered evidence of which she speaks is the probation report that she did not receive until April 3, 2009. (Id. at 2.) However, even if the statute of limitations did not begin to run until April 4, 2009, giving petitioner until April 4, 2010, to file a federal petition, petitioner's December 1, 2011 petition would still be untimely, and petitioner's June 21, 2010 state habeas petition would still not toll the statute. See Ferguson,

321 F.3d at 823.

Petitioner also does not demonstrate that she is entitled to equitable tolling. The Supreme Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted). Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory or equitable principles. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

Here, petitioner was given notice that the petition was subject to dismissal, and was provided an opportunity to respond. Although petitioner attempts to show that she was diligent – for example, she attempted to modify her sentence, tried to get a copy of the abstract of judgment, and searched for legal assistance – petitioner has failed to present any argument as to what or how extraordinary circumstances stood in her way and prevented timely filing. Moreover, the Ninth Circuit has held that a prisoner's pro se status, on its own, is not enough to warrant equitable tolling. See Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006). In addition, petitioner's federal claims are, inter alia, that she did not receive the probation report on time, and counsel failed to object to inaccurate statements from the probation report during sentencing. Petitioner was present at sentencing and could have asked to see the probation report at that time. Thus, petitioner has not demonstrated that any "extraordinary circumstances were the cause of [her] untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Further, because there is no "causal connection" between the grounds upon which she asserts a right to equitable tolling and her inability to timely file a federal habeas application, petitioner is not entitled to equitable tolling. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between

1  self-representation on direct appeal or physical and mental disabilities and inability to timely file
2  petition, district court's finding that he was not entitled to equitable tolling where he had earlier
3  filed a state habeas petition was not clear error).
4      Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).[1]

**III.   CONCLUSION**

    Respondent's motion to dismiss the petition is GRANTED.  The instant petition is DISMISSED.  The clerk shall terminate all pending motions and close the file.

**IV.   CERTIFICATE OF APPEALABILITY**

    For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED:  _____

    _____
    RONALD M. WHYTE
    United States District Judge

---

[1] Because the court is dismissing the petition on timeliness grounds, it is unnecessary to address respondent's alternative argument that one claim is procedurally defaulted.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AMINAH S R DORSEY,

        Plaintiff,

  v.

WARDEN et al,

        Defendant.

Case Number: CV11-05798 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aminah Dorsey X34913
PO Box 1508
Chowchilla, CA 93610

Dated: June 13, 2013

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk